UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSEE-CERTUS K. MATUTA,

Petitioner,

v.

WARDEN OF CALIFORNIA CITY
DETENTION CENTER, et al.,

Respondents.

Case No.  1:26-cv-03640-JLT-HBK (HC)

ORDER REQUIRING RESPONSE TO
PETITION FOR WRIT OF HABEAS
CORPUS, SETTING BRIEFING
SCHEDULE, AND DIRECTING SERVICE
OF DOCUMENTS

(A-213-053-972)

(Doc. 1)

Before the Court is pro se Petitioner Osee-Certus K. Matuta's operative petition for writ of habeas corpus under 28 U.S.C. § 2241 docketed on May 11, 2026.  (Doc. 1, "Petition").  Petitioner is an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the California City Detention Center in California City, California, claiming, *inter alia*, his continued post-final order detention as a violation of his due process rights under the Fifth Amendment because (1) his removal was deferred under the Convention Against Torture ("CAT"), and (2) there is no significant likelihood of removal in the reasonably foreseeable future.  (*Id*. at 6).  As relief, Petition seeks release from custody, or in the alternative, a constitutionally adequate bond hearing.  (*Id*. at 7).

The Court has conducted a preliminary review of the petition. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4,[1] a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). It is not clear from the face of the petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243.

Accordingly, it is hereby **ORDERED:**

1.  No later than **twenty-one (21) days** from the date of entry of this Order, Respondent is **DIRECTED** to respond to the Petition and show cause why the Petition should not be granted.

2.  Respondent is **DIRECTED** to electronically file all documents necessary for resolving the issues presented in the petition, including all referenced/relevant portions of Petitioner's A-file and all of the following documents if they were provided to Petitioner: (1) Form I-213, Record of Deportable/Inadmissible Alien, (2) Form I-862, Notice to Appear; (3) Form I-220A, Order of Release on Recognizance; (4) Form I-286, Notice of Custody Determination; (5) any document authorizing parole; and (6) any and all available records documenting and/or detailing the nature of any alleged violations of supervised release as to Petitioner.

3.  **Respondent SHALL address the status of Petitioner's removal proceedings, including the previously granted deferral of removal under the CAT and the significant likelihood, or lack thereof, of removal in the reasonably foreseeable future.**

4.  If Respondent files an answer to the petition, Petitioner may file a reply within **fourteen (14) days** of the date of service of Respondent's answer. If no reply

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

is filed within fourteen (14) days, the petition and answer are deemed submitted.  The Court will not address new grounds raised in the reply.  *See United States v. Cox* 7 F.3d 1458, 1463 (9th Cir. 1993).

5. If Respondent moves to dismiss, Petitioner must file an opposition or statement of non-opposition within **fourteen (14) days** of the date of service of Respondent's motion.  Any reply to an opposition to the motion to dismiss must be filed within **seven (7) days** after the opposition is served.

6. The Clerk of Court is directed to mail a copy of this order to pro se Petitioner.

6. All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.

7. Extensions of time will be granted only upon a showing of good cause.

Dated:    May 20, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3