**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSEE-CERTUS K. MATUTA,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN OF CALIFORNIA CITY<br>DETENTION CENTER, et al.,<br><br>    Respondents. | Case No. 1:26-cv-03460 JLT HBK (HC)<br><br>ORDER GRANTING UNOPPOSED<br>PETITION FOR WRIT OF HABEAS<br>CORPUS, ORDERING RESPONDENTS TO<br>IMMEDIATELY RELEASE PETITIONER<br>UNDER APPROPRIATE CONDITIONS OF<br>SUPERVISION<br><br>(A-213-053-972)<br><br>(Doc. 1) |

Petitioner Osee-Certus K. Matuta, a native of the Democratic Republic of the Congo who presently is in the custody of U.S. Immigration Customs and Enforcement (ICE) at the California City Detention Center in California City, California, challenges his continued detention by way of a Petition filed pursuant to 28 U.S.C. § 2241. (Doc. 1.)

The record reflects that Petitioner entered the United States in 2015 on a student visa. (Doc. 1 at 15.) He was arrested on several occasions in 2018, including for burglary and defrauding a proprietor. (Doc. 7-1 at 9.) Petitioner was placed in removal proceedings, and in 2019 an immigration judge ordered him removed from the United States but granted him deferral of removal to Congo. (Doc. 1 at 15.) Petitioner was again arrested in Colorado in 2020 (for unlawfully attempting to influence a public servant) but failed to appear for those proceedings.

(Doc. 1 at 15, 17–19.) In 2022, he was arrested in Nevada for burglary of a motor vehicle and possession of false identification, though he claims to have no knowledge of those charges or that crime. (*Id*. at 15.) On November 12, 2025, he was arrested in Nevada on an outstanding warrant from his Colorado charges. (Doc. 1 at 15.) On November15, 2026 he was transferred to DHS custody where he remains. (*Id*. at 14.)

Petitioner claims his continued post-final order detention is a violation of his due process rights under the Fifth Amendment because (1) his removal was deferred under the Convention Against Torture, and (2) there is no significant likelihood of removal in the reasonably foreseeable future. (Doc. 1 at 6). As relief, Petitioner seeks release from custody with appropriate conditions or, in the alternative, a constitutionally adequate bond hearing. (*Id*. at 7).

On June 8, 2026, Respondents conceded they are unable to remove Petitioner in the reasonably foreseeable future and thus that he is entitled to immediate release with appropriate conditions. (Doc 7 at 1 ("Since the Department of Homeland Security (DHS) detained Petitioner Osee-Certus K. Matuta (Matuta) in November 2025, DHS has not identified a third country for Matuta's removal nor obtained travel documents. Respondents lack evidence to rebut Matuta's contention that there is not a significant likelihood of removal in the reasonably foreseeable future. So, it appears that he is entitled to release on an order of supervision.").) As this Court has explained previously, absent evidence that removal is reasonably foreseeable, controlling Ninth Circuit authority, including *Tuan Thai v. Ashcroft*, 366 F.3d 790, 797 (9th Cir. 2004), appears to require Petitioner's release notwithstanding his criminal record, albeit on appropriate conditions of supervision. *See Kovalchuk v. Martinez*, No. 1:26-CV-00978 JLT FJS (HC), 2026 WL 1179736, at *1 (E.D. Cal. Apr. 30, 2026).[1]

Thus, the Court **ORDERS**:

1. The unopposed Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **GRANTED**.

2. Respondents are **ORDERED TO IMMEDIATELY RELEASE** Petitioner subject to

---

[1] Given Respondents' admission and considering the procedures set forth in 8 C.F.R. § 241.13, it is unclear to the Court why Respondents did not release Petitioner sua sponte.

2

an order of supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5.

4. The Clerk of Court is directed to serve a copy of this order on the California City Detention Center and then to enter judgment and close the case.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: June 10, 2026

JENNIFER L. THURSTON
U.S. District Judge